PALMETTO QUARRIES COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 65683.  Promulgated April 27, 1934.

*N. E. Derrick, C. P. A.*, for the petitioner.
*W. F. Gibbs, Esq.*, and *Paul D. Page, Jr., Esq.*, for the respondent.

OPINION.

MORRIS: The respondent has determined a deficiency in income tax of $1,980 for the taxable year 1929, and it is for the redetermination thereof that this proceeding is brought.

The petitioner alleges and contends that error was committed by the respondent in that he failed to classify a distribution of $27,-782.68, made by the South Carolina Granite Corporation, as an ordinary dividend, it having been so classified in the return filed for the taxable year 1929.

The petitioner is a corporation, organized and incorporated under the laws of South Carolina in 1923, and has its principal office at Columbia, where it is engaged in the manufacture of coarse aggregate for concrete.

On July 15, 1928, the petitioner transferred all of its physical assets, exclusive of accounts receivable, notes receivable, cash, and other similar assets, to the South Carolina Granite Corporation and received therefor 2,500 shares of no par value 7 percent preferred and 25,000 shares of no par value common stock of that company. The South Carolina Granite Corporation operated with the assets so transferred, together with other assets acquired from another source, for a period of 13½ months, earning approximately $107,000,

after which, or about August 31, 1929, such assets were retransferred to the petitioner in exchange for the stock originally issued therefor, together with a percentage of the profits earned by the South Carolina Granite Corporation during the period of its ownership.

When the foregoing retransfer took place the physical assets were recorded in their respective accounts in the books of the petitioner and its portion of the profit so received, after Federal and state taxes had been deducted, was recorded as a dividend by the bookkeeper.

The South Carolina Granite Corporation continued in business after the exchange on August 31 and is still in existence.

The petitioner treated the distribution of profits received by it from the South Carolina Granite Corporation as an ordinary dividend in its tax return for the year under consideration. The respondent held, and he still contends, that such distribution was in partial liquidation and therefore governed by the provisions of subdivisions (c), (g), and (h) of section 115 of the Revenue Act of 1928, providing in part as follows:

(c) * * * Amounts distributed in complete liquidation of a corporation shall be treated as in full payment in exchange for the stock, and amounts distributed in partial liquidation of a corporation shall be treated as in part or full payment in exchange for the stock. The gain or loss to the distributee resulting from such exchange shall be determined under section 111, but shall be recognized only to the extent provided in section 112. * * *

*    *    *    *    *    *    *

(g) *Redemption of stock.*—If a corporation cancels or redeems its stock (whether or not such stock was issued as a stock dividend) at such time and in such manner as to make the distribution and cancellation or redemption in whole or in part essentially equivalent to the distribution of a taxable dividend, the amount so distributed in redemption or cancellation of the stock, to the extent that it represents a distribution of earnings or profits accumulated after February 28, 1913, shall be treated as a taxable dividend. In the case of the cancellation or redemption of a stock not issued as a stock dividend this subsection shall apply only if the cancellation or redemption is made after January 1, 1926.

(h) *Definition of partial liquidation.*—As used in this section the term " amounts distributed in partial liquidation " means a distribution by a corporation in complete cancellation or redemption of a part of its stock, or one of a series of distributions in complete cancellation or redemption of all or a portion of its stock.

There appears to be no dispute between the parties about the amount involved, so that our sole question is whether or not the distribution falls within the foregoing provisions of the act.

The petitioner does not contend that subdivision (g) above is applicable. However, any doubt as to its applicability is immediately dispelled by *Salt Lake Hardware Co.*, 27 B.T.A. 482, wherein we held that the provisions of that subdivision applied only to " taxable dividends " and not to distributions between two domestic corporations which are, under the act, nontaxable.

The respondent having held that the amount in question was not a dividend, but a distribution in partial liquidation, the burden is upon the petitioner to show otherwise. In an attempted discharge of this burden the petitioner introduced one witness, a former employee of the South Carolina Granite Corporation, who testified that he was called upon just prior to this distribution to prepare statistics customarily compiled for the declaration of dividends; that such figures were based upon the ownership of stock; and, in effect, that he interpreted the meeting for which the information was prepared and the purpose for which it was prepared to constitute, in form, the declaration of a dividend. Such testimony, founded entirely upon the witness's personal opinion, is of very little assistance in arriving at a favorable conclusion for the petitioner. Especially is this true in view of the fact that there was no formal declaration of a dividend and not the slightest intimation that a dividend, as such, was even intended. In fact the corporate minutes of the South Carolina Granite Corporation indicate very clearly that the transaction was considered "a purchase by this [that] corporation [of its own capital stock] with certain of its assets."

The petitioner has wholly failed to overcome the presumptive correctness of the respondent's determination that the distribution was in partial liquidation within the meaning of the act. Certainly there was a "distribution" and in so far as we are informed it was just as certainly "in complete cancellation or redemption" of a portion of the capital stock of the South Carolina Granite Corporation. Cf. *Salt Lake Hardware Co., supra.*

*Judgment will be entered for the respondent.*